UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

SIMONE B. MAURO                                    Case No. 15-10533
                                                   Bankruptcy Case No. 12-46345

    Debtor.
_____/

SALVATORE DiMERCURIO,

    Appellant,

v.

MICHAEL STEVENSON,

    Appellee.
_____/

**ORDER DENYING EMERGENCY MOTION FOR STAY**

On March 26, 2015, Appellant Salvatore DiMercurio filed an Emergency Motion for Stay (Dkt. # 5), seeking to stay the execution of the Bankruptcy Court's order dated February 11, 2015 which establishes a deadline of April 11, 2015 for DiMercurio to exercise his right to purchase Mauro's interest in The Corners Shopping Center, LLC. (*See* Dkt. # 5, Pg. ID 273.)  DiMercurio did not move for a stay of the execution of the February 11, 2015 order in the Bankruptcy Court, and he waited over six weeks before filing the instant emergency motion.

Federal Rules of Bankruptcy Procedure Rule 8007(a)(1) provides, "Ordinarily, a party must move first in the bankruptcy court for . . . (A) a stay of judgment, order, or decree of the bankruptcy court pending appeal . . . ."  Fed. R. Bankr. P. 8007(a)(1); *see*

*also In re Zahn Farms*, 206 B.R. 643, 644 (B.A.P. 2d Cir. 1997) ("We are of the view that we may not consider the merits of the request for a stay pending appeal, because . . . the Debtors have not . . . present[ed] the request for stay first to the bankruptcy judge . . . .").

Meanwhile, Rule 8007(b)(2)(A) provides that a motion to stay an order filed in a district court, pending appeal, must "show that moving first in the bankruptcy court would be impracticable." DiMercurio contends that, in light of Rule 8007(b)(2)(A), "Appellant is not required to seek a stay from the Bankruptcy Court first. Appellant only needs to show that seeking a stay in the Bankruptcy Court would be impracticable." (Dkt. # 8, Pg. ID 302.) He then claims that seeking a stay in the Bankruptcy Court would be impracticable because the Bankruptcy Court has already denied a motion for stay filed by DiMercurio. However, DiMercurio's previous motion to stay, which was filed in the Bankruptcy Court, was a Motion for Stay of Auction Pending Hearing for Reconsideration. Motion to Stay, *In re Mauro*, No. 12-46345-MBM (Bankr. E.D. Mich. Feb. 4, 2015). The Bankruptcy Court's determination that it will not grant a stay pending a motion before itself does not render impracticable a motion to stay pending an appeal before the district court.[1] Accordingly, in light of Rule 8007(a)(1),

IT IS ORDERED that Appellant Salvatore DiMercurio's Emergency Motion for Stay (Dkt. # 5) is DENIED.

                                                    s/ Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the Bankruptcy Court did not wholly deny DiMercurio's February 4, 2015 motion to stay, but rather the motion was granted in part and denied in part. Order, *In re Mauro*, No. 12-46345-MBM (Bankr. E.D. Mich. Feb. 6, 2015).

Dated: April 6, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 6, 2015, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522