UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE SIMONE B. MAURO,                    Case No. 2:15-cv-10533
                                          Judge Robert H. Cleland
      Debtor,                             Magistrate Judge Anthony P. Patti

**ORDER DENYING APPELLANTS' JOINT MOTIONS FOR STAY OF EXECUTION OF THE BANKRUPTCY COURT'S ORDERS PENDING APPEAL (DEs 18, 25) and TAKING UNDER ADVISEMENT APPELLEE'S MOTION TO DISMISS (DE 13)**

Currently pending before the Court are: **(A)** Trustee/Appellee Michael A. Stevenson's May 4, 2015 motion to dismiss appeal (DE 13), regarding which Appellant DiMercurio has filed a response (DE 15) and **(B)** Appellants DiMercurio and Woods's June 19, 2015 and August 24, 2015 joint motions for stay of execution of the bankruptcy court's orders pending appeal (DE 18, DE 25),[1] regarding which Appellee Stevenson filed responses (DE 27, DE 28),[2] and Appellant DiMercurio has filed a reply (DE 26).[3]

---

[1] The attachments to these motions vary, including Judge McIvor's April 14, 2015 order (DE 18-1), Judge McIvor's June 2, 2015 order (DE 18-2), the April 14, 2015 transcript (DE 25-1), and the June 2, 2015 transcript (DE 25-2).

[2] The motion to stay was also filed in bankruptcy appeal Case Nos. 15-12201 and 15-12202. DEs 4. Responses and replies appear in those cases. (DEs 5 & 6.)

[3] In addition to the pending motions, there has been some briefing on appeal. *See, i.e.*, DEs 12, 23 & 24. This Court's August 18, 2015 order granting motion to extend provides that, if necessary, the Appellee (Trustee Stevenson) shall serve and

By way of background, on January 27, 2015, Bankruptcy Judge McIvor entered an order approving sale of Debtor Simone B. Mauro's interest in The Corners Shopping Center, L.L.C. ("CSC"), free and clear of liens, claims, encumbrances and other interests. (DE 215.) In the motions at bar, Appellants seek to stay enforcement of several ensuing Bankruptcy Court orders – the February 11, 2015 order granting in part and denying in part DiMercurio's motion for reconsideration (DE 240), the April 14, 2015 orders confirming sale and denying DiMercurio's motion for stay pending appeal (DE 254, 255), and the June 2, 2015 orders denying Woods's motion to set aside sale and denying Woods's oral motion for stay pending appeal (DE 269, DE 270) - while their appeals are pending in this Court. (*See* DE 18 at 6, DE 25 at 5.) In the instant motions (DE 18 & 25), pursuant to Fed. Bank. R. 8007(e), they are essentially seeking review of the bankruptcy court's denial of their requests for stay of the orders confirming and refusing to reconsider the sale of the Debtor's interest in CSC, pending appeal.

A hearing in this Court was held on September 4, 2015. DE 29. Having considered the motion papers and counsels' oral arguments, Appellants DiMercurio and Woods's joint motions for stay of execution of the bankruptcy court's February 11, April 14 and June 2 orders pending appeal (DEs 18, 25) are

---

file an appellate response brief not later than 15 days after the Court enters an order ruling on the Motion to Dismiss, and Appellant's optional reply brief is due no later than 14 days from the filing of Appellee's brief. *See* DE 13, 14, DE 22.

DENIED. I reach this conclusion for the reasons stated on the record at the September 4, 2015 hearing and for the well analyzed and comprehensive reasons stated by Judge McIvor at the April 14, 2015 bankruptcy court hearing (DE 25-1 at 6-17 [Trans. Pp. 5-16]), all of which are incorporated in this order by reference.

In particular, I note that Appellants have not shown a likelihood of success on the merits of their underlying appeals and have not demonstrated irreparable harm.[4] Furthermore, the CSC operating agreement (Bank. DE 190-1, ¶ 15) – discussed at length on the record here and in the bankruptcy court – makes specific provision for a sale of the Debtor's "*unlimited right* to dispose of his share *or interest* to any third party or parties…at a price equal to or greater than that" offered to Appellant DiMercurio or CSC, and provides Appellant DiMercurio and CSC with rights of first refusal before any third party "shall become interested with *or in the place of him*" in CSC (emphasis added). This portion of the operating agreement is titled, "Retirement of a Member." (Bank. DE 190-1 at 10). Retirement has been defined as "the act of retiring, *withdrawing, or leaving*; the state of being retired[,]"[5] a definition which is consistent with Paragraph 15's use

---

[4] "In determining whether a stay should be granted under Fed.R.[App].P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also, In re McInerney,* 490 B.R. 540, 544-546 (E.D. Mich. 2013).

[5] *See* www.dictionary.com (emphasis added).

of the language "assign, transfer, convey or sell . . . ."  In other words, this provision specifies how a member may retire, withdraw or leave by prescribing the manner in which his or her interest may be assigned, transferred, conveyed or sold. Here, Trustee Stevenson was entitled to step into the shoes of Debtor DiMercurio and exercise the right to retire, withdraw or leave in accordance with Paragraph 15.

The record demonstrates that both of the appellants – the Debtor's fellow LLC member (DiMercurio) and the third-party buyer (Woods) – failed to diligently exercise their respective rights with regard to the purchase of the Debtor's interest and that either of them could have avoided the *status quo*.  For example, DiMercurio could have, but did not, exercise his right of first refusal. Similarly, Woods could have, but apparently did not, perform even minimal pre-purchase due diligence investigation with respect to the extent of the rights he was purchasing and failed to obtain a legal opinion with regard to the same.[6]  Having collectively sat on their hands when they could have steered the transfer of the Debtor's interest in another direction, the public interest now weighs heavily in favor of the bankruptcy estate's creditors, who await distribution of the sale proceeds.

Moreover, Appellants have not shown that Judge McIvor abused her discretion when entering the aforementioned February 11, April 14 and June 2

---

[6] He also apparently failed to ascertain the outstanding balance on a mortgage of which he was well aware. (DE 25-2 at 8.)

orders.[7]  Even if, *arguendo*, the district court would have reached a different conclusion with respect to staying the orders at issue, Judge McIvor was well within her discretion in denying the relief which is again sought here.

Additionally, Appellee Stevenson's motion to dismiss (DE 13) is TAKEN UNDER ADVISEMENT and will be addressed separately by way of a report and recommendation.

**IT IS SO ORDERED.**

Dated: September 10, 2015        s/Anthony P. Patti
                                 ANTHONY P. PATTI
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing documents was sent to parties of record on September 10, 2015, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti

---

[7] The Bankruptcy Court's denial of a motion for stay pending appeal is reviewed for an abuse of discretion. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) ("A lower court's decision on whether to grant a preliminary injunction may be disturbed only if an abuse of discretion."); *see also*, *In re Stearns Bldg.*, 1998 WL 661071, 7 (6th Cir. 1998), *In re Simplified Employment Services, Inc.*, No. 06-10451, 2006 WL 1455555, 1 (E.D. Mich. 2006) (Steeh, J.), *In re Einset*, No. 1:09–CV–324, 2009 WL 1230312, 1 (W.D. Mich. May 1, 2009).  The respective parties acknowledged on the record that this standard of review applies here.